Hector M. CARDONA, Petitioner–
Appellant,

v.

Jason ELLIS; Lawrence G. Wasden,
Respondents–Appellees.

No. 13–35199

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted February
3, 2016 Seattle, Washington

FILED June 01, 2016

Gabriel McCarthy, Boise, ID, for Peti-
tioner–Appellant.

Jessica Marie Lorello, Attorney, AGID–
Idaho Office of the Attorney General,
Boise, ID, for Respondents–Appellees.

Before: KOZINSKI, O'SCANNLAIN
and GOULD, Circuit Judges.

## MEMORANDUM *

Assuming that Cardona's one-year peri-
od to file a federal habeas petition only
began after his direct-appeal window
closed, his federal petition is nevertheless
untimely. Cardona didn't show that he was
entitled to equitably toll the eleven days
after the Idaho Supreme Court denied his
postconviction petition and before he filed
his federal petition. For one, he didn't
argue that he had been "pursuing his

rights diligently" during that time period.
Holland v. Florida, 560 U.S. 631, 649, 130
S.Ct. 2549, 177 L.Ed.2d 130 (2010).

Nor did he show that "some extraordi-
nary circumstance" during those days frus-
trated his ability to file a federal petition.
Id. Cardona raised an equitable tolling ar-
gument for the first time in his Rule 59(e)
motion to alter or amend the district
court's February 12, 2013 judgment. He
argued for tolling because his former coun-
sel failed to timely notify him of the denial
of his postconviction petition. But he did
not file an amended notice of appeal sepa-
rately challenging the district court's deni-
al of the Rule 59(e) motion as our rules
require. Fed. R. App. P. 3(c)(1)(B);
4(a)(4)(A)(iv), (B)(ii). Nor did Cardona
mention the Rule 59(e) motion or the equi-
table-tolling argument based on his former
counsel's conduct in his brief on appeal, so
the state couldn't address that issue. See
Le v. Astrue, 558 F.3d 1019, 1022–23 (9th
Cir. 2009). And Cardona waived the argu-
ment that his lack of actual notice amount-
ed to an "extraordinary circumstance" by
raising it for the first time on appeal. See
In re Mercury Interactive Corp. Secs. Li-
tig., 618 F.3d 988, 992 (9th Cir. 2010).

**AFFIRMED.**

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by Ninth Circuit Rule 36–3.